IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA THOMAS CORNELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2620-BD |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Home Depot U.S.A., Inc. has filed a motion for summary judgment in this premises liability action. In her complaint, plaintiff alleges that she injured her neck and other parts of her body when she fell from a raised platform at a Home Depot Expo Design Center in Plano, Texas. The accident occurred when the heel of plaintiff's shoe caught on a raised piece of trim as she was exiting the platform. (Plf. Orig. Pet. at 2, ¶ III). Plaintiff alleges, *inter alia*, that defendant was negligent in failing to properly secure the trim, in failing to warn customers, in failing to properly and safely construct the platform, and in allowing an unreasonably dangerous condition to exist on the store premises. (*See id.* at 2-3, ¶ IV). Defendant now seeks summary judgment on the grounds that there is no evidence it had actual or constructive knowledge of a dangerous condition. The issues have been fully briefed by the parties and the motion is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that

summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Under Texas law,[1] the essential elements of a premises liability negligence claim are:

> (1)   Actual or constructive knowledge of a condition on the premises by the owner or occupier;
>
> (2)   That the condition posed an unreasonable risk of harm;
>
> (3)   That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4)   That the failure to use such care proximately caused the plaintiff's injury.

*See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). Defendant contends that plaintiff cannot establish the first two elements by competent summary judgment evidence.

Whether a condition poses an unreasonable risk of harm is a fact-intensive inquiry and, as such, is well-suited for determination by a jury. *See Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 342 (Tex. App.--Austin 2002, pet. denied), *citing Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752, 755 (Tex. 1970) (noting there is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm). Here, the evidence shows that plaintiff tripped on a loose piece of trim surrounding the edge of a display platform that was approximately six inches off the ground. (Plf. MSJ App. at 26-27, 98). The trim was protruding

---

[1] Both parties agree that Texas law governs the substantive legal issues in this diversity action.

upwards in an area where customers would step off the platform. (*Id.* at 98). Photographs of the platform show what appear to be nail holes that have been filled with some sort of filler, as well as exposed nail heads. (*Id.* at 98, 101). This evidence, viewed in the light most favorable to plaintiff, clearly creates a fact issue as to whether the loose trim posed an unreasonable risk of harm to customers.

A more difficult question is whether defendant had actual or constructive knowledge of the dangerous condition. Plaintiff may satisfy the actual or constructive knowledge requirement by proving: (1) that defendant created a dangerous condition; (2) that defendant knew a dangerous condition existed and negligently failed to remove or repair it; or (3) that the dangerous condition had existed so long that, in the exercise of ordinary care, it should have been discovered and removed. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992); *see also Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 165 (Tex. App.--Texarkana 1998, no pet.). Here, there is no evidence that defendant built the display platform or installed the defective trimming. However, there is at least circumstantial evidence that defendant knew or should have known that the trim was loose and failed to repair it. James Spradlin, the assistant manager on duty at the time of the accident, testified at his deposition that store employees were responsible for inspecting the display platform and repairing any defects. (Plf. MSJ App. at 48-50, 59). Spradlin said that a manager or someone in the Visuals Department would have walked by the platform "on several occasions" between the time the store opened at 11:00 a.m. and the time the accident occurred at 1:55 p.m. (*Id.* at 67-68). Yet no one noticed the loose trim--a condition that likely took more than a few hours to develop.[2] After plaintiff fell and pointed to the general area where she tripped, Spradlin walked

---

[2] Spradlin denied any knowledge that furniture had been moved on or off the platform on the day of the accident--another possible explanation of how the trim came loose. (*See* Plf. MSJ App. at 63-64).

directly to the spot, picked up the loose trim, and muttered either "that should have been fixed" or "that needs to be fixed." (*Id.* at 28). This suggests that the defect should have been obvious to store employees who inspected the premises. Although evidence of constructive knowledge is thin, it is enough to warrant a trial. *See Spates v. Wal-Mart Stores, Inc.*, 144 S.W.3d 657, 659 (Tex. App.-- Corpus Christi 2004), *pet. for review filed* (Nov. 19, 2004) (evidence that foreign substance was on floor for more than 30-45 seconds before customer slipped, that a store employee was in close proximity to the substance at the time of the accident, and that employees periodically moved throughout store to make sure floor is clean was sufficient to raise fact issue on constructive knowledge).

For these reasons, defendant's motion for summary judgment is denied. The court will set this case for trial by separate order.

SO ORDERED.

DATED: November 18, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE